# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES DAVID OLD,  )<br>  )<br>    **Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>ANDREW M. SAUL,  )<br>**Commissioner of the Social**  )<br>**Security Administration,** [1] )<br>  )<br>    **Defendant.**  ) | Case No. CIV-18-298-RAW-SPS |

## REPORT AND RECOMMENDATION

The claimant James David Old requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he

---

[1] On June 4, 2019, Andrew M. Saul became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this action.

is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was fifty-three years old at the time of the most recent administrative hearing (Tr. 1080). He has a high school education and some college, and has worked as a correctional officer, maintenance supervisor, and recruiter (Tr. 1080-81, 1108). The claimant alleges that he has been unable to work since February 28, 2013, due to high blood pressure, posttraumatic stress disorder ("PTSD"), hepatitis C, asthma, sleep apnea, and arthritis in his back, knees, hips, and shoulder (Tr. 213).

## Procedural History

On May 17, 2013, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (Tr. 185-93). His application was denied. ALJ James Bentley conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated April 24, 2015 (Tr. 22-35). The Appeals Council denied review, but this Court reversed the ALJ's decision in Case No. CIV-15-481-SPS and remanded the case to the ALJ on March 22, 2017 (Tr. 1230-38). While his first application was pending, the claimant filed a new application on October 26, 2015, which resulted in a fully favorable decision on September 29, 2016 (Tr. 1218-26). Having received this Court's March 2017 remand, the Appeals Council vacated the April 2015 unfavorable decision and the September 2016 favorable decision, consolidated the claimant's applications, and remanded the case to an ALJ for further proceedings on

November 28, 2017 (Tr. 1243-45). On remand, ALJ Bentley held another administrative hearing and again determined that the claimant was not disabled in a written opinion dated June 28, 2018 (Tr. 1033-47).[3] The claimant did not file written exceptions to the Appeals Council challenging the ALJ's June 2018 decision and the Appeals Council did not assume jurisdiction, so the ALJ's June 2018 decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.984(d).

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with frequent but not constant handling and fingering bilaterally and reaching overhead with the right upper extremity; occasional stooping, kneeling, crouching, crawling, and climbing ramps and stairs; and never climbing ladders, ropes, or scaffolds (Tr. 1038). The ALJ also found the claimant required a sit/stand option that he defined as a brief positional change from sitting to standing and vice versa with no more than one change in position every twenty minutes and without leaving the work station so as to not diminish pace or production (Tr. 1038). As to environmental limitations, the ALJ found the claimant needed to avoid unprotected heights, dangerous moving machinery, and concentrated exposure to dust, fumes, odors, and poorly ventilated areas (Tr. 1038). Due to psychologically-based factors, the ALJ found the claimant could understand, remember,

---

[3] The ALJ issued an initial post-remand decision on June 25, 2018 (Tr. 1051-65). He subsequently issued an amended decision on June 28, 2018, to clarify the procedural status of the remand, noting all other aspects of the original decision remained in effect (Tr. 1033-65).

-4-

and apply simple and detailed instructions, concentrate and persist for extended periods in order to complete simple and detailed job tasks with routine supervision, maintain superficial work relationships with others, respond appropriately to a routine work setting, and adapt to routine changes in a work setting (Tr. 1038). The ALJ then concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the national economy, *e. g.*, electrical accessory assembler, small product assembler, and inspector/packager (Tr. 1043-47).

### Review

The claimant contends that the ALJ erred by failing to properly evaluate: (i) the opinions of treating physicians Dr. Edwards and Dr. Beene, and (ii) his disability rating from the Veteran's Administration ("VA"). The undersigned Magistrate Judge agrees that the ALJ failed to properly evaluate Dr. Edwards' and Dr. Beene's opinions, and the Commissioner's decision should therefore be reversed.

The ALJ found the claimant had the severe impairments of hypertension, PTSD, degenerative disc disease, osteoarthritis, carpal tunnel syndrome, sleep apnea, syncope, depression, anxiety, and diabetes mellitus; the non-severe impairments of gastroesophageal reflux disease ("GERD"), external hemorrhoids, migraines, tinnitus, sinusitis, restless leg syndrome, rhinitis, erectile dysfunction, bilateral hearing loss, and eye loss; and that his hepatitis C had resolved (Tr. 1036). The relevant medical evidence reveals that the claimant received most, but not all, of his treatment for these impairments at VA facilities. Effective May 1, 2013, the VA determined that the claimant had an overall disability rating of 100% due to service-connected sleep apnea, PTSD, migraine headaches, external

hemorrhoids, right shoulder degenerative arthritis, lumbar spine degenerative arthritis, left and right hip bursitis, left knee lateral instability, right knee degenerative arthritis, left knee medial cartilage tear with repair, tinnitus, sinusitis, and GERD (Tr. 933-55).

Dr. Christopher Beene regularly treated the claimant for back pain, neck pain, and loss of consciousness from August 2014 through November 2016 (Tr. 879-930, 1764-67, 2120-25, 3284-301). Dr. Beene consistently found that the claimant had decreased range of motion in his cervical spine and lumbar spine as well as tenderness, pain, and/or spasm at these appointments (Tr. 879-930, 1764-67, 2120-25, 3284-301).

On July 7, 2015, Dr. Beene completed a physical RFC assessment as well as forms regarding unskilled work requirements, sedentary work requirements, and a clinical assessment of pain (Tr. 1022-29). He indicated on the sedentary work requirement form, *inter alia,* that the claimant could not stand/walk up to two hours in an eight-hour workday, sit up to six hours, lift/carry ten pounds, lift/carry five pounds repetitively, sustain activity at a pace and with the attention to task as would be required in the competitive workplace, or attend any employment on a sustained basis due to his back pain and neck pain with headaches (Tr. 1024). Dr. Beene indicated that basic physical work activities would increase the claimant's pain and reduce his ability to perform physical and mental work activities to such a degree as to cause inadequate functioning or total abandonment of tasks (Tr. 1022). On the RFC questionnaire, Dr. Beene indicated that the claimant could sit for thirty minutes at a time for about four hours total in an eight-hour workday, could stand for thirty minutes at a time for less than two hours total in an eight-hour workday, required a five-minute period of walking every thirty minutes, and would need unscheduled breaks

lasting five or ten minutes each about once per hour (Tr. 1026-27). Dr. Beene also found that the claimant could rarely lift/carry less than ten pounds and could never lift/carry anything above ten pounds (Tr. 1027). As to postural activities, Dr. Beene found that the clamant could occasionally hold his head in a static position, rarely turn his head right or left or look up, and could never look down, twist, stoop, crouch/squat, or climb ladders or stairs (Tr. 1028). He opined that the claimant would be absent from work more than four days per month and indicated that the limitations he found had been applicable since August 25, 2014 (Tr. 1028-29).

On January 21, 2015, the claimant established care with Dr. Jeanne Edwards, a neurologist, for an evaluation of chronic pain, PTSD, and blackouts (Tr. 811-16). On physical examination, Dr. Edwards noted the claimant's deep tendon reflexes were diminished in his right patella, but her examination was otherwise normal (Tr. 815). She referred the claimant for a brain MRI, the results of which were normal, and an EEG which indicated seizure activity (Tr. 810, 815-17). Dr. Edwards prescribed anticonvulsant medication at a follow-up appointment in February 2015 and by May 2015, the claimant's near syncopal episodes were controlled (Tr. 810, 969). At a follow-up appointment in April 2016, the claimant reported recent syncopal spells and severe neck pain (Tr. 3076). A cervical spine MRI performed that month revealed diffuse multilevel degenerative changes with multilevel central canal and neuroforaminal narrowing of varying degrees (Tr. 3082-83). An EEG performed in June 2016 recorded two syncope episodes not associated with abnormal cortical activity (Tr. 3157). By October 2016, the claimant's

seizures had improved and he reported no further episodes at follow-up appointments in April 2017 and April 2018 (Tr. 3349-51).

Dr. Edwards completed an RFC assessment on July 7, 2015, wherein she opined that the claimant could not work at heights, needed more supervision than an unimpaired worker, and required unscheduled breaks during an eight-hour workday (Tr. 1016-19). She also indicated that the claimant's seizures were likely to disrupt his co-workers, that his anticonvulsant medication provided "good control," and that the limitations she found had been applicable since 2008 (Tr. 1017, 1019).

State agency physician Dr. Karl Boatman completed an RFC assessment on August 14, 2013, wherein he found that the claimant could perform light work with occasional climbing ramps or stairs, stooping, and crouching, and never climbing ladders, ropes, or scaffolds (Tr. 76-78). His findings were affirmed on review (Tr. 86-88).

At the most recent administrative hearing, the claimant testified that he has pain "all over" and that his medications make his pain tolerable but do not provide complete relief (Tr. 1084). The claimant further testified that he receives chiropractic treatment every three weeks, receives injections, and uses a heating pad and a TENS unit at home but his back pain and neck pain never go away (Tr. 1085-86). The claimant indicated that his syncope episodes are sporadic, stating he has had years where he did not experience any episodes but has also had days where he experienced them multiple times per day (Tr. 1083). The claimant also indicated that he has never had an episode while sitting down and that none of his doctors restricted his driving (Tr. 1104). As to specific limitations, the claimant stated he could sit for fifteen or twenty minutes before needing to stretch his back, could

stand for fifteen or twenty minutes, could lift ten pounds, could reach with his left arm, and could reach in front with his right arm (Tr. 1089).

In his written opinion, the ALJ summarized the claimant's testimony and some of the medical record (Tr. 1039-41). In discussing the opinion evidence, the ALJ gave diminished weight to Dr. Edwards' opinion because: (i) she indicated the claimant had suffered from general seizures with loss of consciousness since 2008, (ii) the claimant stopped having dizziness/fainting spells when his medication was adjusted, and (iii) there was no diagnosis or treatment for seizures since his alleged onset date (Tr. 1041). The ALJ also gave diminished weight to Dr. Beene's opinion, finding it was unsupported by the longitudinal record, including multiple examinations and accompanying notes indicating the claimant could ambulate normally with a normal range of motion in his neck and extremities except for his right arm (Tr. 1041). As to the VA's disability rating, the ALJ assigned it diminished weight because: (i) it invaded an area reserved to the Commissioner, (ii) he was not bound by the VA's decision, (iii) the VA uses different standards for determining disability, and (iv) it was inconsistent with medical evidence showing normal respiratory function, normal brain imaging, and improved pain with medication; the VA's own Global Assessment of Functioning ("GAF") score indicating mild PTSD symptoms; and the claimant's own testimony regarding his most significant impairments (Tr. 1042). The ALJ then gave diminished weight to the state agency physicians' opinions, noting their determination that the clamant could engage in unlimited kneeling and crawling was inconsistent with the claimant's right shoulder osteoarthritis, carpal tunnel syndrome, and degenerative disc disease with accompanying pain symptoms (Tr. 1042).

Medical opinions of a treating physician such as Dr. Edwards and Dr. Beene are entitled to controlling weight if "'well-supported by medically acceptable clinical and laboratory diagnostic techniques [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if a treating physician's opinions are not entitled to controlling weight, the ALJ must nevertheless determine the proper weight to give them by analyzing the factors set forth in 20 C.F.R. § 404.1527. *Id.* at 1119. The factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). If the ALJ rejects a treating physician's opinion entirely, he must "give specific, legitimate reasons for doing so." *Id.* at 1301. In sum, it must be "clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300, *citing* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

In this case, the ALJ adopted Dr. Edwards' findings as to the claimant's inability to work at heights but rejected without explanation her limitations regarding the claimant's need for additional supervision and unscheduled breaks, as well as the impact of his

seizures on his co-workers (Tr. 1041).  It was error for the ALJ to "pick and choose" in this way, *i. e.*, to cite findings supportive of his own determination while disregarding unsupportive findings.  *See, e. g., Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").  In addition to evaluating Dr. Edwards' findings according to the appropriate standards, the ALJ should have explained why he found certain aspects of Dr. Edwards' findings persuasive but not others.  *See Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007) ("[T]he ALJ should have explained why he rejected four of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others.  An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability. . . . [T]he ALJ did not state that any evidence conflicted with Dr. Rawlings' opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of Dr. Rawlings' restrictions but not others.").

Additionally, the ALJ rejected Dr. Beene's opinion without specifying any inconsistencies between his opinion and the evidence of record or providing any analysis in relation to the pertinent factors set forth above.  *See, e.g., Langley,* 373 F.3d at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings."), *quoting Watkins,* 350 F.3d at 1300.  *See also Wise v. Barnhart,* 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("The ALJ also concluded that Dr. Houston's opinion

was 'inconsistent with the credible evidence of record,' but he fails to explain what those inconsistencies are."). The Commissioner argues that Dr. Beene's opinion is inconsistent with other substantial evidence in the record including knee and neck MRIs; hip, shoulder, lumbar spine, and foot x-rays; an electromyogram and nerve conduction study; and normal physical examination findings by various providers as to the claimant's gait, motor strength, muscle tone, sensation, and reflexes. However, the ALJ offered no such explanation for declining to impose any of Dr. Beene's restrictions when forming the claimant's RFC. *See, e.g., Haga,* 482 F.3d at 1207–08 ("[T]his court may not create or adopt post hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.").

Because the ALJ failed to properly evaluate the opinions of the claimant's treating physicians, the Commissioner's decision should be reversed and the case remanded to the ALJ for a proper analysis. If the ALJ's subsequent analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to

-13-

this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

    **DATED** this 28th day of February, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**